## Mitchell Estate

*Rosemary Flannery* and *Paul P. Wisler*, for accountants.

*Catherine R. Barone, Assistant Attorney General*, for Commonwealth.

TAXIS, *J.*, April 21, 1978—Regina M. Mitchell died a resident of Montgomery County, Pennsylvania, on August 28, 1977. Letters testamentary were granted on her estate to Vera H. Wagner and Marion G. Hannaway, as executrices. The executrices duly filed Pennsylvania Transfer Inheritance Tax forms and included as debts of decedent the following three medical bills which were unpaid on the date of decedent's death:

| | |
|---|---:|
| Montgomery Hospital | $5,022.72 |
| Ronald K. Magargle, M.D. | 1,000.00 |
| Dr. W. G. Frick | 200.00 |

Decedent prior to death was covered by the Medicare provisions of the Social Security Law, and was also a member of Blue Cross. With regard to the

Montgomery Hospital bill it appears that decedent was billed for $5,022.72. Medicare paid $4,873.13 and Blue Cross paid $134.09, leaving a balance of $15.50 which was paid directly by the estate.

With regard to the two doctors' bills totalling $1,200, $848 of the amount was paid by the insurer and $352 of the billing was charged off as not within the standard of fees approved for Medicare members over 65, and was not paid by the estate.

Payments respectively were made directly to Montgomery Hospital and Doctors Magargle and Frick. The moneys never came into the possession or control of the executrices nor were such moneys available to pay other debts or legacies.

The register of wills disallowed the amounts claimed as indicated above (except as to the $15.50 actually paid by the estate), and the estate appealed from the disallowance, electing under section 1001(2) of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 P.S. §2485-1001, to have the correctness of this action determined at audit of the account.

The issue in this case is whether medical expenses, paid for and covered by Medicare as well as Blue Cross over 65, constitute proper deductions for transfer inheritance tax purposes. After consideration of the arguments of counsel, the court is satisfied that the register of wills properly refused these deductions, notwithstanding the different result reached in Davis Est., (O.C. Div. Alleg.), 27 Fiduc. Rep. 370 (1977).

Section 631 of the Inheritance and Estate Tax Act of 1961 provides that: "All liabilities of the decedent shall be deductible, subject to the limitations hereinafter set forth." In the present case there existed no actual liability of decedent to pay the bills previously incurred. Her liability for payment

was exonerated by her rights guaranteed by Medicare and a contract right for medical payment from Blue Cross. It would seem to this court that liability in the sense used in this context means liability due and payable above the amount exonerated or covered by medical coverage. There is some analogy in section 639 because there the statute specifically limits deductions by providing that liabilities are not deductible to the "extent that it can be reasonably anticipated that decedent's estate will be exonerated or reimbursed by others primarily liable or subject to contribution." It seems to the court that what was expressly provided for in section 639 pertaining to deductibility of a decedent's liability should be read into section 631 by necessary implication and the court so rules. Put another way, if we consider these items as deductible liabilities, we would have to consider the estate's right of reimbursement as a separate taxable asset. Under either approach, the result is the same.

A contrary rule would treat differently the estate which pays the expense and then claims reimbursement from the insurer, and the estate which paid nothing because the insurer made direct payment to the hospital or physician. The procedure followed should not produce different results.

Subject to the views expressed in this adjudication, the net ascertained balance for distribution is awarded as set forth under the last paragraph of the petition for adjudication.

The account is confirmed, and it is hereby ordered and decreed that Vera H. Wagner and Marion G. Hannaway, executrices, as aforesaid, forthwith pay the distributions herein awarded.

And now, April 21, 1978, this adjudication is confirmed nisi.